# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN M. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 05 C 3074 |
| ROSELAND COMMUNITY HOSPITAL ASSOCIATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Carolyn Harris, a registered nurse, has filed a *pro se* lawsuit against her former employer Roseland Community Hospital Association under the Americans with Disabilities Act, alleging Roseland terminated her based on her disability. 42 U.S.C. § 12112. The ADA, like other employment discrimination statutes, requires a plaintiff to exhaust administrative remedies before filing suit by filing a complaint with the Equal Employment Opportunity Commission. More specifically, the statute requires the plaintiff to file a charge with the EEOC within 300 days of the employer's alleged discriminatory action. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1). Roseland has moved for summary judgment on the ground that Harris failed to file a timely EEOC charge. For the reasons stated below, the Court grants Roseland's motion.

### Facts

Following the Court's review of Harris's initial *pro se* complaint, we noted that it did not appear that Harris had complied with the 300 day limit, so we entered an order directing Harris to

explain why she had not filed her EEOC charge within that period. The order explained the basis for the 300 day limit as well as the possibility of equitable tolling. *See* Order of June 3, 2005.

On June 24, 2005, Harris filed a response to the Court's order. In her response, Harris said that she believed she had to pursue internal remedies within Roseland Hospital before going to the EEOC. She said she had filed an internal complaint on February 9, 2004 but that Roseland personnel refused to meet with her. Harris stated that she consulted an attorney, Kathleen Baliunas of the law firm of Odelson & Sterk, on February 12, 2004. According to Harris, "Attorney Baliunas simply refused to follow-up on [Roseland's] refusal to respond to [Harris's] letter" and advised Harris that "'I cannot [make] them (RCH) answer me.'" Pl. Resp. (filed June 24, 2005) at 2. In the same response, Harris stated that when she asked Baliunas to take the case to court, Baliunas replied that "a judge will laugh you out of court for that little amount of money" but agreed to try again to contact Roseland. After a further delay, Harris says, she called Baliunas again, in November 2004 around the Thanksgiving holiday; Baliunas said "she had other cases, and that plaintiff could go ahead and file her case with the EEOC." *Id.* Upon filing a charge with the EEOC, Harris stated, she was advised that the charge was untimely. *Id.* at 3. Harris concluded her response to the Court's order by stating that she had been given information – we assume by Baliunas – that she had to pursue an internal complaint first, that as a lay person she had no knowledge of the law, and that she had relied on Baliunas. *Id.* She asked the Court not to dismiss the case.

After reviewing Harris's response, the Court entered an order stating that we were "somewhat skeptical whether Harris' claimed ignorance of the law, combined with inaction and perhaps poor advice by her counsel, is enough to entitle her to equitable tolling" of the 300 day

2

period. *See* Order of July 5, 2005 at 2. But because the statute of limitations is an affirmative defense, we allowed Harris's case to proceed, leaving it to Roseland to raise the defense if it chose to do so. *Id.* Following service of the suit on Roseland, it moved for summary judgment, raising the limitations issue.

**Discussion**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must view the facts in favor of the non-moving party and draw reasonable inferences on her behalf. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The undisputed facts show that Roseland terminated Harris's employment on January 1, 2004. It is likewise undisputed that Harris did not file a charge of discrimination with the EEOC until December 21, 2004 – 354 days after she was fired. For this reason, Roseland contends that Harris's claim is time-barred. *See Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 860 (7th Cir. 2005).

In her *pro se* response to Roseland's motion, Harris contends that the Court should apply the doctrine of equitable tolling and allow her to pursue her claim. The doctrine of equitable tolling allows a plaintiff to pursue an otherwise time-barred claim "if despite all due diligence [s]he is unable to obtain vital information bearing on the existence of [her] claim." *Hentosh v. Herman M. Finch Univ. Health Sciences / Chicago Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999).

In her response, Harris lays out in a bit more detail what occurred after she retained attorney Baliunas. In April 2004, about 100 days after Harris's termination, Baliunas wrote to Roseland, contending that Harris's supervisors had caused her emotional distress while on the job and had wrongfully terminated her. Baliunas's letter did not refer to the ADA, and it made no allegation of termination based on disability. *See* Pl. Resp., Ex. C. In late June 2004, Baliunas advised Harris that Roseland had not responded to her inquiries; in her correspondence to Harris, Baliunas stated that "the statute of limitations for retaliatory discharge for filing a complaint with the [Illinois Department] of Public Health is two years from your discharge." *Id.* Baliunas's correspondence to Harris made no mention of the ADA or a claim of disability discrimination, and it made no reference to the need to file an EEOC charge as a prerequisite to a federal employment discrimination claim or to the 300 day limitation for filing such a charge.

Harris contends that she repeatedly inquired of Baliunas regarding her case and that Baliunas told her that she had received no response from Roseland. Harris contends, as she did in her June 2005 response to the Court's initial order, that Baliunas denigrated her case due to the supposedly small amount of money involved. Harris says that in November 2004, after repeated inquiries, Baliunas said that she "had other case[s], and that [Harris] could go ahead and file her case with [the] EEOC." Pl. Resp. at 3. By that time, however, over 300 days had run following Harris's termination (304 days had passed as of the end of October 2004).

Harris also states in her response that after she filed her lawsuit in this Court, she sought other counsel. Specifically, on October 10, 2005, she sought assistance from the organization Equip for Equality, a disability-rights group. *See* Pl. Resp., Ex. D-1. About two weeks later, Equip for Equality sent Harris a letter saying that in order to determine whether to represent her,

4

it needed a copy of Harris's employment contract and her complete personnel file, as well as other documentation. Harris says that she was unable to provide the organization with her personnel file because she had never been able to obtain it from Roseland.

Harris asserts that she had requested her personnel file from Roseland as early as February 9, 2004, and on unidentified dates thereafter, to no avail. Harris says that this "was another barrier for ... attorney Baliunas" in pursuing her case. Pl. Resp. at 4. However, Harris has not supported this contention with any facts. Moreover, Harris's contention is affirmatively contradicted by the facts that she *has* provided – which indicate that Baliunas's delay in filing suit was due to Baliunas's own inaction and possibly to her lack of awareness of the 300 day limitation, not Roseland's failure to produce any documents. It is true that Baliunas told Harris in her June 2004 correspondence that she had not heard anything back from Roseland. But it is clear from that correspondence that Baliunas was referring to Roseland's failure to address her demand for settlement, not to its failure to respond to a request for documents. Indeed, Baliunas's earlier letter to Roseland included no request for Harris's personnel file. Further, nothing in Baliunas's communications suggests that she was missing any information that she needed to file a claim on Harris's behalf. In short, Harris has provided no facts, and no evidence, to support her contention that the delay in filing her suit resulted in any way from Roseland's refusal to produce her personnel file.

The 300 day limitation on filing a charge of discrimination with the EEOC is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). Under the doctrine of equitable tolling, a limitations period may be suspended "when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to

bringing a suit." *Anderson v. Bd. of Regents of the Univ. of Wisconsin Sys.,* 140 F.3d 704, 706 (7th Cir. 1998) (quoting *Wolin v. Smith Barney Inc.,* 83 F.3d 847, 852 (7th Cir. 1996)). Equitable tolling is applied "only sparingly" and not in cases "where the claimant failed to exercise due diligence in preserving [her] legal rights." *Tyler v. Runyon,* 70 F.3d 458, 465 n.8 (7th Cir. 1995) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Even considering tolling, the limitations period starts to run when a reasonable person, through due diligence, would believe that she might have a cause of action. *Thelen v. Marc's Big Boy Corp.,* 64 F.3d 264, 268 (7th Cir. 1995).

Harris makes two arguments in support of her request that the Court toll the 300 day limitations period for filing an EEOC claim. Her first argument is that the 300 day period should be tolled because Baliunas failed to follow up with her case, provided her with incorrect information about the statute of limitations, and told her to file a complaint with the EEOC after the 300 day limit had already expired. Pl. Mem. at 3-4. However, such "garden variety" attorney negligence is insufficient to justify equitable tolling. *See Irwin*, 498 U.S. at 96.

Some courts have held that extreme instances of attorney misconduct or neglect can justify tolling the limitations period. For example, in *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999), the Third Circuit held that the fact that the plaintiff's attorney had lied to her about having filed a complaint, combined with the plaintiff's own diligence, was sufficient to entitle her to equitable tolling. In *Cantrell v. Knoxville Commun. Devel. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995), the Sixth Circuit suggested that the abandonment of a case by a mentally ill attorney, combined with the plaintiff's diligence, might be sufficient to entitle the plaintiff to equitable tolling – though it made no definitive ruling, remanding the case to allow

6

the plaintiff to present evidence of his diligence and of the attorney's condition.

The Seventh Circuit has, however, followed a harder line, rejecting *Seitzinger* and similar decisions. In *Modrowski v. Mote,* 365 F.3d 965 (7th Cir. 2003), the court ruled that an attorney's incapacity does not toll the limitations period for filing a habeas corpus petition. After noting the petitioner's reliance on *Seitzinger,* the Seventh Circuit said that it had previously "rejected the reasoning behind" that case. It stated that "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client" and thus does not provide a basis for equitable tolling. *Id.* at 968-69 (citing *United States v. 7108 W. Grand Ave.,* 15 F.3d 632, 634 (7th Cir. 1994)).

Indeed, the Seventh Circuit has consistently held that "a litigant is bound by [her] lawyer's acts." *Tolliver v. Northrop Corp.,* 786 F.2d 316, 219 (7th Cir. 1986). Though this may seem harsh, the court's rationale is that "[t]he clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." *United States v. 7108 W. Grand Ave.,* 15 F.3d at 634. In *Tolliver,* a case in which the court upheld the dismissal of a plaintiff's employment discrimination case based on her lawyer's misconduct during the course of the suit, the court said that "[h]olding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common." In *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601 (7th Cir. 1986), another case in which the Seventh Circuit upheld the dismissal of a plaintiff's case due to his lawyer's neglect, the court acknowledged that "'[a] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is

7

reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant.'" *Id.* at 609 (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634 n.10 (1982)). *See also, e.g., Reschny v. Elk Grove Plating Co.,* 414 F.3d 821, 824 (7th Cir. 2005) (attorney's negligence does not toll 90 day period for filing suit after receiving notice of right to sue from EEOC).

In sum, even though the evidence provided by Harris suggests that attorney Baliunas dragged her feet and provided inaccurate advice regarding the applicable limitations period, the law in this Circuit makes it clear that does not warrant application of equitable tolling. *See Hoosier Bancorp v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996) (equitable tolling inappropriate though attorney misinformed clients that exhaustion of administrative remedies was prerequisite to filing a *Bivens* action).

Harris's other argument is that she is entitled to equitable tolling because Roseland did not provide her with her personnel file. Harris says that she requested her personnel file from Roseland's human resources department, the vice president for patient care, and the president of the hospital, but she never received it. As discussed earlier, however, Harris provides no evidence, and no facts, that would tend to suggest that her attorney Baliunas needed this information to file a claim or was waiting on the personnel file to be able to proceed. Thus Harris's contention that Roseland did not produce the file does not provide a basis to toll the 300 day limit.

We conclude by making it clear that our discussion concerns only Harris's claim under

the ADA – her only federal claim, and the only claim she has made that is subject to the prerequisite of filing a charge with the EEOC. It is conceivable, though by no means clear, that Harris intends to assert a claim against Roseland under Illinois law; some of her filings suggest as much. *See, e.g.,* Pl. Reply to Def. Mot. for Summ. Judg. (filed Mar. 29, 2005) at 6-7. But if Harris is in fact asserting a state law claim, she may do so only by way of a lawsuit filed in state court. Because a state law claim, by definition, does not arise under federal law, and because Harris and Roseland are both Illinois citizens, this Court has no jurisdiction over a state law claim in the absence of the federal claim on which we have granted summary judgment in Roseland's favor. *See* 28 U.S.C. §§ 1331 & 1332.

**Conclusion**

For the reasons stated above, the Court grants defendant's motion for summary judgment with regard to plaintiff's federal claim or claims [docket no. 23]. Any state law claims that are encompassed within plaintiff's amended complaint are dismissed for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1367(a). Plaintiff's motion for entry of judgment in her favor is denied [docket no. 28]. The Clerk is directed to enter judgment in favor of the defendant on plaintiff's federal claims and dismissing plaintiff's state law claims, if any, for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 3, 2006